104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Dorance SERNA-BEDOYA, Defendant-Appellant.
 No. 96-1049.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 Frederick P. Korkosz, Albany, NY.
 Kimberly M. Zimmer, Asst. U.S. Atty., Albany, NY.
 Present: NEWMAN, Chief Judge, OAKES, CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Dorance Serna-Bedoya appeals from the January 10, 1996, judgment convicting him, following a guilty plea, of a drug offense. Appellant argues that the District Court erred in ordering his federal sentence to run consecutively to a previously imposed state sentence, or, alternatively, that he should have been allowed to withdraw his plea because he mistakenly believed at the time of entering his plea that his federal sentence would run concurrently with his state sentence.
 
 
 4
 On May 5, 1994, a federal grand jury in the Northern District of New York issued a five-count indictment charging Serna-Bedoya with various criminal activities arising from a November 1993 incident in which Serna-Bedoya and his associates attempted to bribe Immigration and Naturalization Service officials by offering cocaine in exchange for forged immigration documents. At the time of the federal indictment, Serna-Bedoya was in the custody of the Massachusetts State Police, having been arrested on two state drug offense warrants when he and a confederate returned to Massachusetts from the November 1993 bribery attempt in upstate New York. After the federal indictment, Serna-Bedoya was convicted of the Massachusetts state charges and received concurrent sentences of 5-7 years and 10-11 years.
 
 
 5
 In May 1995, Serna-Bedoya was taken into federal custody on a writ of habeas corpus ad prosequendum. On September 27, 1995, he pled guilty, pursuant to a plea agreement, to Count 1 of the indictment, charging a conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On January 4, 1996, Chief Judge McAvoy sentenced Serna-Bedoya to a term of imprisonment of thirty months to run consecutively to the state sentences, a term of supervised release of four years, and a $50.00 special assessment.
 
 
 6
 1. Appellant contends that his federal sentence should have been concurrent to his state sentences because the Guidelines require a concurrent sentence if "the undischarged term of imprisonment resulted from offenses that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3(b) (emphasis added). He claims that section 5G1.3(b) should have been applied because the District Court "took into account" his prior convictions in the determination of his sentence. The District Court considered the two Massachusetts convictions in placing appellant in Criminal History Category III. The text of section 5G1.3(b) defeats the claim. A concurrent sentence is required only when an existing unexpired term is "fully taken into account in the determination of the offense level," for example, if the federal offense had been drug trafficking and the state drug quantities had been used to enhance the base offense level. See U.S.S.G. § 5G1.3, comment. (n.2). Using prior convictions to calculate a criminal history category, which occurs in every case, does not invoke section 5G1.3(b)'s requirement of a concurrent sentence.
 
 
 7
 Appellant's additional argument that the two prior convictions were part of the "same course or conduct" as the charged offense--the narcotics conspiracy arising out of the November 1993 bribery incident--is without merit. The events were temporally distant from one another and markedly dissimilar in content, form, and purpose.
 
 
 8
 2. Serna-Bedoya further argues that even if the District Court was correct in applying section 5G1.3(c), rather than section 5G1.3(b), it erred in imposing a consecutive term. Appellant implicitly relies on the pre-November 1995 version of the Sentencing Guidelines since he cites language from the earlier version of section 5G1.3(c) instead of from the current version, which applied at the time of sentencing in January 1996.
 
 
 9
 The current version is applicable, see 18 U.S.C. § 3553(a)(4); United States v. Keller, 58 F.3d 884, 889 (2d Cir.1995), since it is not more severe than the earlier version. See United States v. Roberson, 67 F.3d 452, 456 (2d Cir.1995). Indeed, by providing a sentencing court with more discretion to impose concurrent or partially concurrent terms, the current version of section 5G1.3(c) is more favorable to appellant. Compare U.S.S.G. § 5G1.3(c) (Nov.1993) ("[T]he sentence for the instant offense shall be imposed to run consecutively ... to the extent necessary to achieve a reasonable incremental punishment for the instant offense.") (emphasis added) with U.S.S.G. § 5G1.3(c) (Nov.1995) ("[T]he sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively ... to achieve a reasonable punishment for the instant offense.") (emphasis added).
 
 
 10
 The sentencing court is given considerable flexibility under section 5G1.3(c) of the current Guidelines. In deciding whether to impose a concurrent, partially concurrent, or consecutive sentence, the court "should consider" the factors set forth in 18 U.S.C. § 3553(a) and "be cognizant of" the type and length of the prior undischarged sentence, the time served (and likely to be served) on that sentence, the fact that the prior sentence was imposed in state court, and "any other circumstance relevant to the determination of an appropriate sentence." U.S.S.G. § 5G1.3, comment. (n.3). The record of the sentencing hearing indicates that Chief Judge McAvoy considered these factors and properly exercised his discretion in ordering the thirty-month federal sentence to run consecutively to the undischarged Massachusetts sentences.
 
 
 11
 3. Finally, appellant argues that he should be permitted to withdraw his guilty plea because he believed at the time of entering the plea that he would receive a concurrent sentence and otherwise would not have entered the plea.
 
 
 12
 Our review of the plea agreement and of the transcripts of the plea allocution and the sentencing hearing convinces us that Serna-Bedoya's claim of miscommunication is not credible. First, the written plea agreement contained no promises concerning sentencing and explicitly stated that the Court would not be bound by any sentencing recommendations made by the parties. Second, at the plea allocution, the Court advised Serna-Bedoya that it was not bound by any sentencing recommendations. The defendant indicated that he understood this and that he still wished to plead guilty. Third, when asked directly by the Court whether his attorney, the U.S. Attorney, or any other public officials had made any promises to him that were not contained in the plea agreement, appellant answered that no such promises had been made. Fourth, a Spanish-language translator was present at the allocution and assisted appellant throughout this proceeding. There were no indications or complaints of miscommunication between appellant and his interpreter until the Court imposed its sentence. Finally, at the time of sentencing, appellant's attorney conceded that no one from the U.S. Attorney's office ever told him that Serna-Bedoya would be guaranteed a concurrent sentence. Appellant's attorney further acknowledged that he personally told the defendant that no one could guarantee him anything with respect to his sentence and that this decision would ultimately be up to the Court. We therefore reject appellant's claim that he should be allowed to withdraw his plea.